Filed 3/8/23  P. v. Polk CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LESTER LAMOUNT POLK,<br><br>     Defendant and Appellant. | H047953, H048089<br>(Monterey County<br>Super. Ct. No. CR16712) |

Defendant Lester Lamount Polk appeals from a 2019 trial court order denying a petition to vacate his 1993 murder conviction and be resentenced under former Penal Code section 1170.95 (hereafter petition).[1]  In this appeal, Polk contends that the trial court erred in denying his petition at the prima facie stage without issuing an order to show cause.  The Attorney General agrees with Polk that this matter should be remanded for the issuance of an order to show cause.

---

[1] Unspecified statutory references are to the Penal Code.  Effective January 1, 2022, the Legislature amended section 1170.95 in several respects.  (See Stats. 2021, ch. 551, §§ 1, 2; see also *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865.)  The Legislature later renumbered section 1170.95 as section 1172.6, with no change to the text of the statute (Stats. 2022, ch. 58, § 10, eff. June 30, 2022).  In this opinion we refer to the current version of any relevant provisions now codified in section 1172.6.

For the reasons explained below, we reverse the trial court's order and remand with directions to issue an order to show cause and conduct further proceedings under section 1172.6.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

In mid-June of 1991, Polk and three men (Patrick Richardson, Eugene Ballance, and John Drayton) assembled to commit a robbery. Polk, Richardson, and Drayton were armed. The four men entered the home of Cheryl and Jim Ward and their teenage daughter, R. A violent incident ensued. "Both [Polk] and Richardson repeatedly demanded money and threatened to kill Mr. Ward if the Wards did not disclose the location of their safe. Every time Mr. Ward answered a question, Richardson hit him in the face with a handgun. The Wards did not have a safe." (*Polk*, *supra*, H011133, at p. 2.) Polk told R. to take off her clothes. He grabbed her breast and put a shotgun in her mouth. He said he was going to blow her head off and wanted to know where the safe was. He also "stuck the shotgun in R.'s vagina." (*Polk*, at p. 3.)

After the men found an envelope containing a large amount of cash, Polk "screamed at Mr. Ward 'you are a fucking liar.' He said 'We're going to fuck your wife and daughter and we're going to make you watch.' [Polk] turned back toward R. and Mr. Ward tried to stand up. Within five to ten seconds of one another, two shots were fired. A struggle ensued with Richardson, [Polk,] and Mr. Ward during which [Polk]'s shotgun discharged. Polk moved to the bathroom area and fell down. Richardson continued to struggle with Mr. Ward and the pistol fired. The bullet struck Mr. Ward in the back, severing his spinal cord. He bled to death within a few minutes." (*Polk*, *supra*,

---

[2] The appellate record includes a copy of this court's opinion in Polk's direct appeal from his 1993 conviction (*People v. Polk* (July 26, 1994, H011133) [nonpub. opn.] (*Polk*).) We rely on that opinion, as well as documents from the underlying prosecution that are included in the appellate record, when stating the facts and procedural background of this case. Although the appellate record includes the reporter's transcript from Polk's preliminary hearing, the record does not contain any reporter's transcript from Polk's subsequent trial.

H011133, at pp. 3–4.)  Eventually, after noticing a car on the road outside, "[t]he men left, telling Mrs. Ward and R. not to move for fifteen minutes."  (*Id*. at p. 4.)

In 1991, the Monterey County District Attorney charged Polk and his three codefendants by information with murder (§ 187), three counts of robbery (§ 212.5), burglary (§ 459), two counts of assault with a firearm (§ 245, subd. (a)(2)), sexual penetration with a foreign object (§ 289, subd. (a)), and conspiracy to commit robbery (§§ 182, 212.5).  As to the murder charge, the information alleged the special circumstances of murder during the commission of robbery, burglary, and rape by instrument (former § 190.2, subd. (a)(17)(i), (vii), (xi)).  The information also alleged that Polk and two codefendants (Richardson and Drayton) personally used a firearm in the commission of the offenses (§ 12022.5).

Polk waived his right to a jury trial.  In February 1993, after a court trial, the trial court acquitted Polk of one count of robbery but otherwise found him guilty as charged. In finding Polk guilty of murder with special circumstances, the trial court said " 'although Lester Polk did not actually kill Mr. Ward, and although there has been no evidence to this Court or that the Court knows of that Patrick Richardson intended to kill Mr. Ward, rather, the evidence indicates it was an accidental killing, this Court must follow the law.  [¶]  Under the felony murder doctrine, Lester Polk is guilty of first degree murder. . . . Lester Polk was a major participant. . . . The Court finds that the special circumstances are true.' "  (*Polk*, *supra*, H011133, at pp. 4–5.)  The court sentenced Polk to 25 years in prison concurrent to life without the possibility of parole.

In 1994, a different panel of this court affirmed the judgment.  (*Polk*, *supra*, H011133, at p. 12.)  This court rejected Polk's claim that the special circumstance findings should be reversed because the trial court's factual findings showed, as a matter of law, that he was not the actual killer and did not act with reckless indifference to human life.  (*Id*. at pp. 4–8.)

In 2019, Polk, on his own behalf, filed his petition requesting resentencing in the trial court. Polk declared that a complaint had been filed against him that allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; he was convicted of first degree murder pursuant to the felony murder rule and the natural and probable consequences doctrine; and he could not now be convicted of murder based on the changes to sections 188 and 189 effective January 1, 2019. Polk further asserted that he was not the actual killer (rather Richardson was), he did not aid or abet the actual killer in the commission of first degree murder with an intent to kill, he did not act with reckless indifference to human life during the crime, and the victim was not a peace officer performing his or her duties.

The trial court appointed counsel for Polk, and the district attorney filed an opposition to Polk's petition. The prosecution argued, among other things, that Polk was ineligible for relief under the law of the case doctrine because this court had found on direct appeal that Polk acted with reckless indifference to human life and impliedly found that he was a major participant in the underlying felonies. Alternatively, relying on the preliminary hearing transcript and this court's opinion, the district attorney asserted that Polk was ineligible for relief because he was a major participant in the underlying felonies and acted with reckless indifference to human life. Polk's appointed counsel did not reply to the district attorney's opposition.

On June 13, 2019, the trial court held a hearing on Polk's petition and denied it (June 2019 order). Agreeing with the prosecution's recitation of the facts of the crime, the court found Polk ineligible for relief because the facts demonstrated that he was a major participant in the crime and acted with reckless indifference to human life.

Eight months later, on February 26, 2020, Polk appealed from the trial court's June 2019 order. This court docketed that appeal as case No. H047953. On May 4, 2020, Polk filed an application for relief from default for his failure to timely file a notice of appeal. This court docketed that application as case No. H048089. On July 31, 2020,

4

this court granted Polk's application for relief from default and ordered case Nos. H047953 and H048089 to be considered together.

Concurrently with this appeal, on January 14, 2022, Polk's appellate counsel filed a petition for writ of habeas corpus (case No. H049685). In his habeas corpus petition, Polk, inter alia, challenges his murder conviction and the special circumstance findings based on current section 189, subdivision (e), *People v. Banks* (2015) 61 Cal.4th 788, and *People v. Clark* (2016) 63 Cal.4th 522. This court ordered that the habeas corpus petition would be considered with this appeal. In addition, on February 9, 2023, Polk filed a motion for a stay of the habeas corpus proceeding pending resolution of his section 1172.6 petition. We have disposed of the petition for writ of habeas corpus and the stay motion by a separate order filed this day in case No. H049685.

## II. DISCUSSION

Polk asserts several reasons why the trial court erred in denying his petition at the prima facie stage under section 1172.6, subdivision (c), including that the court made factual findings adverse to him rather than accepting the allegations in his petition as true. Relying on *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), Polk further asserts that the felony-murder special circumstance findings in this case do not preclude relief under section 1172.6 because those findings predate the California Supreme Court's decisions in *Banks* and *Clark*. The Attorney General agrees with Polk that this matter should be remanded for the issuance of an order to show cause. We concur.

"In 2015, *Banks* substantially clarified the law surrounding major participant findings. [Citation.] A year later, *Clark* recited the teachings of *Banks* on the major participant question and then substantially clarified the relevant considerations for determining whether a defendant has acted with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at p. 721.)

In *Strong*, the California Supreme Court held that a felony-murder special circumstance finding made prior to its decisions in *Banks* and *Clark* does not

5

categorically preclude a defendant from making a prima facie showing of eligibility for relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 720.) "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid*.)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972; see also *Strong*, *supra*, 13 Cal.5th at p. 720 [rejecting an "after-the-fact court review of a pre-*Banks* and *Clark* record" at the prima facie showing stage because such a determination would entail prohibited factfinding].)

In the present case, at Polk's court trial in February 1993, the trial court found the felony-murder special circumstance allegations true—well before the California Supreme Court's rulings in *Banks* and *Clark* in 2015 and 2016. Hence, those special circumstance findings do not preclude Polk from making a prima facie showing in support of his section 1172.6 petition. (See *Strong*, *supra*, 13 Cal.5th at p. 721.) Nor is the trial court's more recent evaluation of the facts of the crime—conducted at the prima-facie showing stage—a proper basis for denying an order to show cause. (*Id*. at p. 720.) Moreover, Polk's petition alleged the facts necessary for relief under section 1172.6 (§ 1172.6, subds. (a)–(c)) and nothing in the record demonstrates that he is ineligible for relief as a

6

matter of law.  Because Polk's petition made a prima facie showing of entitlement to relief (see *Lewis*, *supra*, 11 Cal.5th at pp. 970–972; § 1172.6, subd. (c); see also *Strong*, at p. 720), we will reverse the trial court's June 2019 order and remand the matter to the trial court with directions to issue an order to show cause and hold further proceedings under section 1172.6.[3]

## III.  DISPOSITION

The trial court's June 13, 2019 order is reversed, and the matter is remanded with directions to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6.

---

[3] Because of this disposition, we need not address Polk's further contentions that he was denied his rights to due process and the effective assistance of counsel in the trial court.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Lie, J.

**H047953, H048089**
*People v. Polk*